RECEIVED
IN MONROE, LA
JUN 19 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ALLEN D. JOHNSON | CIVIL ACTION NO. 06-0635 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF MONROE, ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Pending before the Court is Plaintiff Allen D. Johnson's ("Johnson") response [Doc. No. 37] to the Court's order to show cause [Doc. No. 36] why his claim against the American Federation of State, County, and Municipal Employees, Local #2388 ("Local #2388") for breach of the duty of fair representation ("DFR") should not be dismissed for lack of subject matter jurisdiction. In his response, Johnson claims that this Court has jurisdiction pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, et seq. ("LMRA"), and the National Labor Relations Act, 29 U.S.C. § 151, et seq. ("NLRA"). In the alternative, Johnson claims that his DFR claim arises under Louisiana law, and the Court must exercise supplemental jurisdiction over his state law claim pursuant to 28 U.S.C. § 1367.

For the following reasons, Johnson's federal claim against Local #2388 is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. The Court declines to exercise supplemental jurisdiction over Johnson's state law claim against Local #2388, and that claim is DISMISSED WITHOUT PREJUDICE.

1

I.  **LAW AND ANALYSIS**

   A.  **Standard for Dismissal**

The Court may <u>sua sponte</u> dismiss a complaint for failure to state a claim if the adversely affected party is provided with notice and an opportunity to respond. See <u>Wachtler v. County of Herkimer</u>, 35 F.3d 77, 82 (5th Cir. 1994) (citing references omitted). On May 21, 2007, the Court dismissed Johnson's LMRA claim for breach of the collective bargaining agreement ("CBA") because his employer, the City of Monroe ("the City"), is exempt under the LMRA as a municipal employer. See 29 U.S.C. §§ 142(3), 152(2), 152(3). The Court also ordered Johnson to show cause within ten (10) business days why his claim against the municipal union should not be dismissed as well. [Doc. No. 36]. On June 4, 2007, Johnson timely filed a response. [Doc. No. 37].

   B.  **Federal Claim**

Johnson claims that there is a federal cause of action for a DFR claim against a municipal union. Although the LMRA and NLRA do not expressly apply to public employees, Johnson argues that a DFR claim against a municipal union arises under the NLRA "by virtue of section 9(a)'s dual creations of exclusive power in the bargaining agent to represent all employees in the unit and the correlative obligation to represent those employees fairly in dealings with the employer." <u>Smith v. Sheet Metal Workers International Ass'n</u>, 500 F.2d 741, 748 (5th Cir. OLD 1974); see also <u>Hammons v. Adams</u>, 783 F.2d 597, 601 (5th Cir. 1986). Because the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337 over any suit arising under an Act of Congress regulating commerce, including the NLRA, Johnson contends that a municipal union is subject to a DFR claim under

2

federal law.[1]  Id.; see also 28 U.S.C. § 1337(a).

Johnson also argues that, as a policy matter, the Court should construe the LMRA and NLRA to apply to a municipal union in order to ensure that municipal employees receive adequate protection from union misconduct. The LMRA and NLRA have broad preemptive power in order to develop a uniform system of labor relations, and federal courts are empowered to develop a federal common law of labor relations to enforce the rights and obligations under CBAs. Therefore, Johnson contends that the LMRA and NLRA should apply to Local #2388, even though the statutes are not specifically designed to protect public employees.

Under the LMRA and NLRA, a "labor organization" is defined as an organization "in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers." 29 U.S.C. § 152(5). Although the Fifth Circuit has not addressed this issue, other courts have concluded that, if an employer is exempt under the LMRA and NLRA[2], then neither its employees nor union are covered under the LMRA and NLRA. See, e.g., Strasburger v. Bd. of Educ., Hardin Cty. Cmty. Unit Sch. Dist. No. 1, 143 F.3d 351, 360 (7th Cir. 1998) (Because the defendant was not an "employer" under the LMRA, the plaintiff was not an "employee," and,

---

[1] Johnson also contends that the Court has jurisdiction under 28 U.S.C. § 1331, which provides federal jurisdiction for suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, "[t]here is no distinction. . . between the 'arising under' requirements for section 1337 and section 1331." Richardson v. United Steelworkers of America, 864 F.2d 1162, 1168 n.6 (5th Cir. 1989).

[2] See 29 U.S.C. § 142(3) (Under the LMRA, "[t]he terms . . . 'employer,' 'employee,' and 'labor organization' . . . shall have the same meaning as when used in the [NLRA]."); 29 U.S.C. § 152(3) ("[t]he term 'employee' . . . shall not include any individual . . . employed by . . . any other person who is not an employer as herein defined."); 29 U.S.C. § 152(2) ("The term 'employer' . . . shall not include . . . any State or political subdivision thereof. . . ."); Police Dep't of Chicago v. Mosley, 408 U.S. 92, 102 n.9 (1972) ("[T]he [NLRA] specifically exempts States and subdivisions. . . and. . . cities. . . from the definition of 'employer' within the Act.") (citing 29 U.S.C. § 152)).

therefore, could not bring a DFR claim against the union.); see also Ayres v. Int'l Bhd. of Elec. Workers, 666 F.2d 441, 443 (9th Cir. 1982) (same); Tadros v. Pub. Employees Fed'n, No. 94-6893, 1995 U.S. Dist. LEXIS 18678, *2 (S.D.N.Y. Dec. 15, 1995) (holding there was no jurisdiction under § 301 of LMRA or 28 U.S.C. § 1337 over a claim by a public employee against a union). The Court finds this reasoning persuasive and consistent with related Fifth Circuit precedent. See, e.g., Richardson, 864 F.2d at 1168 (In a suit brought by private employees, the Fifth Circuit held that a DFR claim is cognizable under § 301 of the LMRA or 28 U.S.C. § 1337.); see also Smith, 500 F.2d at 746 (same).

While Johnson contends that federal jurisdiction exists pursuant to 28 U.S.C. § 1337, the cases cited by Johnson are distinguishable as they did not involve public employees.[3] See id. It would be contradictory for the Court to hold that "28 U.S.C. § 1337 will confer jurisdiction under circumstances when [§ 301] of the LMRA prohibits it." Sampson v. United States Fed'n of Teachers, No. 89-5357, 1990 U.S. Dist. LEXIS 3952, at *6 (S.D.N.Y. Apr. 10, 1990). In the absence of specific authority holding that unions representing public employees are subject to the LMRA and NLRA, "the Court must rely on its common sense and defer to the specific Congressional policy embodied in Section 301 of the LMRA . . . that state political bodies should manage their labor relations themselves." Id.

Accordingly, the Court concludes that it lacks subject matter jurisdiction over Johnson's federal claim against Local #2388.

---

[3]The Court notes that Johnson clearly cited to several sections of the CBA in support of his argument that Local #2388 owed him a DFR, and, therefore, cannot claim that jurisdiction exists under § 1337. See id. (When the plaintiff-employee claims that the CBA imposes a DFR, the claim is only cognizable under § 301 of LMRA.); see also [Doc. No. 37, p. 4].

### C. State Claim

For the first time, Johnson claims, in the alternative, that "Louisiana law creates" a DFR cause of action against a municipal union, and the Court must exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Johnson argues that the CBA creates an agency relationship between Local #2388 and city employees, and, therefore, Local #2388 "must act as a loyal and diligent fiduciary with respect to matters within the scope of its agency." Hammons, 783 F.2d at 602 (citing Restatement of Agency 2d §§ 12, 387); see also La. Civ. Code art. 3001 ("The mandatary is bound to fulfill with prudence and diligence the mandate he has accepted. He is responsible to the principal for the loss that the principal sustains as a result of the mandatary's failure to perform."). Johnson also cites to a number of Louisiana statutes regarding labor relations. See La. Rev. Stat. §§ 23:822, 23:983, 23:984.

Johnson's claim that state law provides a DFR cause of action is without merit. Johnson has provided no federal or state authority applying Louisiana Civil Code article 3001 or the various state labor laws cited as the basis for a DFR claim. Although not cited by Johnson, the Court has considered Louisiana Civil Code article 1983. Article 1983, which provides that "[c]ontracts must be performed in good faith," might support Johnson's claim that Local #2388 breached its duty of good faith and fair dealing under the CBA. See La. Civ. Code art. 1983; see also Jones v. Honeywell Int'l, Inc., 295 F. Supp. 2d 652, 671-72 (M.D. La. 2003) (The district court implied in dicta that a DFR claim based on a specific contractual duty in the CBA, rather than a general obligation unrelated to any contractual duty, may provide a cause of action against a union under article 1983.). However, the Court is unaware of any authority analyzing such a claim. Instead, Louisiana state courts have applied federal law to adjudicate DFR claims. See, e.g., Wynne v. New Orleans Clerks & Checkers Union, Local 1497, 550 So. 2d 1352, 1356 (La.

App. 4 Cir. 1989) (The DFR "is founded in Section 8(b) of the [NLRA].").

Assuming, arguendo, that state law did provide a cause of action, a federal court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) when a plaintiff's claims raise novel issues of state law. See, e.g., Plummer v. Chester Hous. Auth., No. 94-4777, 1994 U.S. Dist. LEXIS 17744, at *24-25 (E.D. Pa. Dec. 9, 1994) (declining to exercise supplemental jurisdiction because the plaintiff's state DFR claim was novel and had not been addressed by the state court); see also Cunningham v. Local 30, Int'l Union of Operating Eng'rs, 234 F. Supp. 2d 383, 396 (S.D.N.Y. 2002) (Where the plaintiff's DFR claim was based on well-developed state law but raised an issue that was unsettled, the court declined to exercise supplemental jurisdiction.). Because Louisiana courts have not addressed the contours of the DFR under state law, the Court declines to exercise supplemental jurisdiction over Johnson's state law claim against Local #2388.

## II. CONCLUSION

For the reasons set forth in this ruling, Plaintiff Allen D. Johnson's federal claim against against Defendant American Federation of State, County, and Municipal Employees, Local #2388 ("Local #2388"), is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. The Court declines to exercise supplemental jurisdiction over Johnson's state law claim against Local #2388, and that claim is DISMISSED WITHOUT PREJUDICE.

MONROE, LOUISIANA, this 18th day of June, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE