RECEIVED
IN MONROE, LA
AUG 2 8 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ALLEN D. JOHNSON | CIVIL ACTION NO. 06-0635 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF MONROE, ET AL. | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING

This case arises out of Defendant City of Monroe's termination of Plaintiff Allen D. Johnson's employment. Following the trial held on July 23-25, 2007, the jury awarded Plaintiff $34,000 in back pay and benefits, $50,000 in mental anguish, and $25,000 for loss of enjoyment of life. See [Doc. No. 73, int. no. 9]. Pending before the Court is a motion for post-trial relief filed by Plaintiff [Doc. No. 74] requesting interest on his award of back pay, mental anguish, and loss of enjoyment of life; reinstatement; attorneys' fees and expenses; liquidated damages of $34,000, plus interest; and costs. Defendant filed a Memorandum in Opposition [Doc. No. 76] objecting only to Plaintiff's request for liquidated damages and reinstatement. Plaintiff filed a Reply [Doc. No. 79].

For the following reasons, Plaintiff's motion for post-trial relief is GRANTED IN PART AND DENIED IN PART.

I.  BACKGROUND

Plaintiff brought suit against Defendant for violations of procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and Louisiana Constitution, art. 1, § 2; breach of contract under Louisiana law; and retaliation under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"). The jury entered a verdict in favor of

1

Plaintiff on his due process and breach of contract claims. See [Doc. No. 73, int. nos. 1-4]. With regard to Plaintiff's FMLA retaliation claim under a pretext theory, the jury found that Plaintiff was not terminated because of his exercise of FMLA rights. See [Doc. No. 73, int. no. 5]. Under a mixed-motives theory, the jury found that Plaintiff's exercise of FMLA rights was a "motivating factor" in Defendant's decision to fire him, but that Defendant would have made the same decision to fire Plaintiff, regardless of his exercise of FMLA rights. See [Doc. No. 73, int. nos. 6-7].

## II. LAW AND ANALYSIS

### A. Liquidated Damages

Plaintiff claims that he is entitled to liquidated damages under the FMLA equal to the amount of lost wages and benefits, plus interest. An employer who violates the FMLA is liable to the affected employee for liquidated damages equal to the amount of compensatory damages and interest. See 29 U.S.C. § 2617(a)(1)(A)(iii) (2007). However, courts have discretion to reduce the amount of liability incurred if the employer establishes that it acted both in good faith and with reasonable grounds for believing that its conduct did not violate the FMLA. Id.

Plaintiff contends that Defendant violated the FMLA by considering his exercise of FMLA rights when deciding whether to fire him. Plaintiff also argues that Defendant cannot show that it had a lawful reason for firing him because the jury found that Defendant's decision violated due process and breached the collective bargaining agreement. See Throneberry v. McGehee Desha County Hosp., 403 F.3d 972, 979 (8th Cir. 2005) ("As long as an employer can show a lawful reason, i.e., a reason unrelated to an employee's exercise of FMLA rights, for not restoring an employee on FMLA leave to her position, the employer will be justified to interfere with an employee's FMLA leave rights.").

Defendant responds that it has established a valid defense to such an award by acting in good faith.

The Court finds that Plaintiff is not entitled to damages under the FMLA. The jury specifically found that Defendant would have fired Plaintiff, regardless of his exercise of FMLA rights. See [Doc. No. 73, int. no. 7]; see also Richardson v. Monitronics Intern., Inc., 434 F.3d 327, 333, 336 (5th Cir. 2005) (Under the FMLA's mixed-motives analysis, "if the employee proves that discrimination was a motivating factor in the employment decision, the burden. . . shifts to the employer. . . to prove that it would have taken the same action despite the discriminatory animus."). Contrary to Plaintiff's assertion, Defendant's ultimate reason for firing Plaintiff need not be independently lawful; to avoid liability for damages under the FMLA, Defendant was only required to show that Plaintiff was not terminated because of his exercise of FMLA rights.

Further, Defendant offered a legitimate and non-discriminatory reason for terminating Plaintiff: insubordination. The jury's verdict regarding due process and breach of contract shows only that Defendant failed to afford him adequate procedural protections and failed to justify its decision under the heightened standards applicable to a public employee.

In the alternative, the Court finds that Defendant has met its burden of showing that it acted in subjective good faith and the objectively reasonable belief that its actions did not violate the FMLA. The evidence adduced at trial shows that Defendant took affirmative steps to comply with the FMLA and actually facilitated Plaintiff's legitimate use of FMLA leave. For example, when Plaintiff missed work in February 2005 and was suspended for failing to follow Defendant's absence policy[1], Plaintiff's supervisor overturned the suspension once he learned that Plaintiff missed work

---

[1] If an employee misses work due to illness, s/he is required to provide a verifying doctor's note when s/he returns to work.

3

to care for his sick wife and daughter. However, when Plaintiff requested leave to care for his sick aunt in October 2005, which is not protected activity under the FMLA, he was informed that he would not be allowed to take leave. The jury's verdict further supports Defendant's claim that it acted in good faith and did not terminate Plaintiff because of his exercise of FMLA rights.

### B. Reinstatement

Plaintiff claims that he is entitled to reinstatement as a prevailing party under 42 U.S.C. § 1983.[2] Defendant responds that reinstatement is impracticable because Plaintiff's position has been filled, and "Plaintiff will be employed with individuals in an atmosphere which cannot be monitored on a constant basis." [Doc. No. 76, p. 4].

Section 1983 provides that a prevailing plaintiff is entitled to equitable relief, including reinstatement, in lieu of front pay. The Fifth Circuit has expressed a "decided preference. . . to award reinstatement instead of front pay." Brunnemann v. Terra Int'l, Inc., 975 F.2d 175, 180 (5th Cir. 1992) (citing Hansard v. Pepsi-Cola Metropolitan, 865 F.2d 1461, 1469 (5th Cir. 1989)). This is consistent with the purpose of § 1983, which "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-257 (1978)). However, if reinstatement is not feasible because there is "discord and antagonism between the parties," front pay will be awarded. Brunnemann, 975 F.2d at 180 (citing Deloach v. Delchamps, Inc., 897 F.2d 815, 822 (5th Cir. 1990)).

The Court has listened to the testimony and observed the demeanor of Plaintiff's supervisors

---

[2] Plaintiff also claims that he is entitled to reinstatement under the FMLA. Because the Court concludes that Plaintiff is entitled to reinstatement under § 1983, the Court need not reach this issue.

4

and coworkers during trial and concludes that Plaintiff's return to work will not cause morale problems or dissension. Defendant concedes that it harbors no antagonism towards Plaintiff and that Plaintiff will not work in close proximity to the person who fired him. Defendant's suggestion that it cannot guarantee that Plaintiff will be well-received by his coworkers, without more, is not an adequate basis to deny reinstatement.

Reinstating Plaintiff to his former position will disrupt the employment of his replacement. Cf. Deloach, 897 F.2d at 821 (reinstatement was not feasible where it would cause morale problems and disrupt other individuals' employment). However, Defendant has not come forward with evidence that Plaintiff or his replacement is unqualified to fill a variety of other jobs with Defendant, a large employer. See Woodhouse v. Magnolia Hosp., 92 F.3d 248, 257-258 (5th Cir. 1996) (reinstatement was proper where the plaintiff's position no longer existed, but she was qualified to perform a variety of jobs with the defendant).

Further, the Court finds that an award of front pay will not make Plaintiff whole. Plaintiff worked for Defendant for eight (8) years, and, given the limited number of employment opportunities in trash collection, did not gain easily transferable skills for this area. The evidence adduced at trial shows that Plaintiff wishes and is able to return to work for Defendant. Plaintiff also presented evidence that he was unable to obtain employment with comparable wages and benefits.

Therefore, the Court finds that Plaintiff is entitled to be reinstated to his former or a comparable position with Defendant.

## II. CONCLUSION

For the foregoing reasons, and, in accordance with the jury's verdict [Doc. No. 73], Plaintiff Allen D. Johnson's motion for post-trial relief [Doc. No. 74] is GRANTED IN PART AND DENIED

IN PART. Plaintiff's request for reinstatement is GRANTED, and his request for liquidated damages under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., is DENIED.

Judgment is entered in favor of Plaintiff and against Defendant City of Monroe on Plaintiff's due process claims under the Fourteenth Amendment to the United States Constitution and Louisiana Constitution, art. 1, § 2, and on Plaintiff's breach of contract claim under Louisiana law. Plaintiff is awarded $34,000 in back pay and benefits, $50,000 in mental anguish, and $25,000 for loss of enjoyment of life, for a total damages award of $109,000.00 against Defendant.

The award of back pay shall bear legal interest at the rate established by La. Rev. Stat. § 13:4202(B)(1) from the due date of each paycheck until paid in full. The awards for mental anguish and loss of enjoyment of life shall bear legal interest, in accordance with La. Rev. Stat. § 13:5112(C), from the date of service of Plaintiff's Complaint, April 19, 2006, until the entry of this Court's Judgment, at the rate of 6% per annum and thereafter at the rate established by La. Rev. Stat. § 13:4202(B)(1) until paid in full.

Plaintiff is awarded reasonable attorney's fees and litigation expenses in accordance with 42 U.S.C. § 1988, the amount of which will be determined by the Court upon Plaintiff counsel's motion. Costs are to be taxed by the Clerk of Court.

Plaintiff shall be reinstated immediately to his former or a comparable position with Defendant, at the same rate of pay and level of seniority and with comparable benefits.

MONROE, LOUISIANA, this 27 day of August, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE