

RECEIVED
IN MONROE, LA
NOV 14 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ALLEN D. JOHNSON | CIVIL ACTION NO. 06-0635 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF MONROE, ET AL. | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING

This case arises from Defendant City of Monroe's ("the City's") termination of Plaintiff Allen D. Johnson's ("Johnson's") employment. Pending before the Court is the City's Motion for New Trial [Doc. No. 82]. In its motion, the City argues:

(1) there was insufficient evidence to sustain the jury's findings;

(2) the jury awarded excessive damages;

(3) the Court erred in not making Johnson's Complaint available to the jury; and

(4) the jury was unduly prejudiced by the presence of Johnson's children in the courtroom.

## I.  FACTS AND PROCEDURAL HISTORY

Johnson had been employed by the City's Department of Public Works since August 10, 1996. Beginning in 2005, Johnson was employed as a heavy equipment operator for the Sanitation Division.

On October 6, 2005, Johnson was suspended for one week for allegedly sleeping on the job. During his suspension, Johnson called his supervisor, Jimmy Simmons ("Simmons"), to

1

request a one-week vacation to care for a sick aunt. Simmons directed Johnson to contact Joan Benton ("Benton"), the payroll timekeeper.

On October 13, 2005, Johnson telephoned Benton, and she placed Johnson's call on speaker phone. Unbeknownst to Johnson, Don Hopkins ("Hopkins"), the Director of the Sanitation Division, was listening to the call. Benton informed Johnson that Hopkins said he could take the vacation but would be fired upon his return. Johnson then stated, "to hell with Don Hopkins. . . ." On October 14, 2005, Johnson returned to work and was instructed to report to Hopkins's office. Hopkins spoke with Johnson and then fired him.

Johnson filed suit against the City on April 14, 2006, alleging that the City violated state and federal law when it terminated him. On July 23, 2007, a jury trial was held, and after three days of testimony, the jury returned a verdict in Johnson's favor.

## II.   LAW AND ANALYSIS

In the Fifth Circuit a court can grant a new trial if it is reasonably clear that "the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed." Seidman v. Amer. Airlines, Inc., 923 F.2d 1134, 1140 (5th Cir. 1991); see also 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2805 (2d ed. 1995). "A new trial is warranted if the [verdict] is against the great, and not merely the greater, weight of the evidence." Shows v. Jamison Bedding, Inc., 671 F.2d 927, 930 (5th Cir. 1982). "[T]he burden of showing harmful error rests on the party seeking the new trial." Sibley v. Lemaire, 184 F.3d 481, 487 (5th Cir. 1999).

### 1.   Jury Verdict and Sufficiency of the Evidence

In this case the jury ruled in favor of Johnson finding, among other things, that (1) the

2

City failed to provide Johnson with pre-termination due process; (2) the City failed to provide Johnson with post-termination due process; and (3) the City failed to provide Johnson with substantive due process. The City argues that these findings are against the great weight of the evidence.

After reviewing the evidence presented at trial, the Court finds that there was sufficient evidence for the jury to conclude that the City denied Johnson pre-termination due process, post-termination due process, and substantive due process.

The jury also found that Johnson's use of FMLA leave was a "motivating factor" in its decision to terminate Johnson. In its motion, the City argues that there was insufficient evidence for a jury to make this finding. The City's argument is moot, however, because the jury ultimately found against Johnson on the FMLA claim.

### 2. Reasonableness of Damages

The jury awarded Johnson $50,000 in damages for mental anguish and $35,000 in damages for loss of enjoyment of life. The Court finds that Johnson's testimony, which was corroborated by his wife, was specific enough for a jury to award these damages. See, e.g., DeCorte v. Jordan, 497 F.3d 433, 442 (5th Cir. 2007) (summarizing cases that have upheld awards of compensatory damages for $100,000 and $75,000).

### 3. Excluding Johnson's Complaint from evidence

The City notes that Johnson's Complaint discusses a meeting between Johnson, Hopkins, and Tom Janway ("the Janway meeting"). The City claims that statements in the Complaint about the Janway meeting prove that Johnson was provided due process. Specifically, the City argues "that substantial prejudice was allowed to creep into the record by not making available to the jury

3

the Complaint of the Plaintiff." [Doc. No. 82-2].

The City, however, neither attempted to introduce Johnson's Complaint into evidence, nor sought to introduce evidence about the Janway meeting. Therefore, the City has waived its right to raise this issue for the first time in the instant motion.

### 4. Children's presence in the courtroom

Finally, the City argues that the jury was likely prejudiced by the presence of Johnson's children in the courtroom. However, the City failed to raise this objection at trial and the Court will not consider this argument for the first time in the City's Motion for New Trial.

### III. CONCLUSION

For the foregoing reasons, the City's Motion for New Trial [Doc. No. 82] is DENIED.

Monroe, Louisiana, this _14_ day of November, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE