IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ALLEN D. JOHNSON                          *        CIVIL ACTION NO. 06-0635

VERSUS                                    *        JUDGE JAMES

CITY OF MONROE, ET AL.                    *        MAGISTRATE JUDGE HAYES


### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the district court, is a motion for attorneys' fees (Doc. #84) filed by plaintiff Allen Johnson.  Defendant City of Monroe objects to the amount requested.  (Doc. #94).  For reasons stated below, it is recommended that plaintiff be awarded $96,459.34 in attorneys' fees and costs.

### BACKGROUND

Plaintiff brought suit against defendant City of Monroe and defendant Local 2388 American Federal of State County & Municipal Employees ("Local 2388") in April 2006. Johnson sued under 42 U.S.C. § 1983, as well as several other statutes.  (Doc. #1).  Before the case reached trial, the district court dismissed plaintiff's federal claim against defendant Local 2388 for lack of subject matter jurisdiction.  In addition, the court declined to exercise supplemental jurisdiction over the state law claim against Local 2388.

At trial, Johnson obtained a favorable jury verdict against City of Monroe on his claims of violation of procedural due process, violation of substantive due process, and breach of contract.  The district court entered a final judgment in accordance with the verdict, awarding Johnson $109,000 and ordering that Johnson be reinstated in his employment.  In that judgment, the district court awarded Johnson reasonable attorneys' fees and litigation expenses.

## LAW AND ANALYSIS

Under 42 U.S.C. § 1988(b), courts may award "a reasonable attorney's fee" to the prevailing party in an action under § 1983.  The district court's judgment in this case, entered on August 28, 2007, establishes that Johnson prevailed in an action under § 1983.  (Doc. #81). The defendant does not argue otherwise, but does contest the number of hours expended and the rate charged by plaintiff's counsel.

Consequently, this court must determine the amount that constitutes a reasonable attorneys' fee.  The Supreme Court has held that "counsel for prevailing parties should be paid . . . for all time reasonably expended on a matter." *Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989) (internal quotation marks omitted).  "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984), *quoted in Blanchard*, 489 U.S. at 94.  The product of this calculation is commonly referred to as the "lodestar" amount.  *See e.g. Blanchard*, 489 U.S. at 95; *Farrar v. Hobby*, 506 U.S. 103, 118 (1992).

The lodestar amount "is more than a mere 'rough guess' or initial approximation of the final award to [be] made." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum*, 465 U.S. at 898-900).  "A strong presumption that the lodestar figure . . . represents a 'reasonable fee' is wholly consistent with the rationale behind the usual fee-shifting statute." *Id.*  After computing the lodestar amount, the court must determine whether it should be adjusted in light of the twelve factors set forth in *Johnson v. Georgia Highway*

*Express*, 488 F.2d 714, 217-19 (5th Cir. 1974).[1]

## I.      Determination of the Lodestar

Plaintiff originally requested $92,357.53 in attorneys' fees and costs.[2]  (Doc. #86).

Plaintiff subsequently amended the request, seeking an additional $7,695.36,[3] which brought the

---

[1] The 12 *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to properly perform the legal services; (4) the preclusion of other employment by the attorney due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  488 F.2d at 717-19.

[2]

| Original Request for Attorneys' Fees and Costs | | |
|---|---|---|
| J. Arthur Smith, III | 232 hrs. at $235/hr. | $54,520 |
| Rebecca E. May-Ricks | 42.35 hrs. at $140/hr. | $5,929 |
| Nicole Dufrene Streva | 159.05 hrs. at $115/hr. | $18,290.75 |
| J. Arthur Smith, IV (paralegal) | 156.50 hrs. at $65/hr. | $10,172.50 |
| | | $88,912.25 |
| Expenses | | $3,445.28 |
| TOTAL | | $92,357.53 |

[3]

| Attorneys' Fees and Costs Subsequent to September 10, 2007 | | |
|---|---|---|
| J.Arthur Smith, III | 10.15 hrs. at $235/hr. | $2,385.25 |
| Nicole Dufrene Streva | 41.30 hrs. at $115/hr. | $4,749.50 |
| J.Arthur Smith, IV (paralegal) | 5.85 hrs. at $65/hr. | $380.25 |
| | | $7,515.00 |
| Expenses | | $180.36 |
| TOTAL | | $7,695.36 |

total request to $100,052.89.  This sum is based on 647.2 hours of work at an hourly billing rate

of $235, $140, $115, or $65 depending on the attorney or paralegal at work.

A.      **Reasonable Hourly Rate**

The first step for this court, in calculating the lodestar amount, is to determine the

appropriate hourly rate to be used in the calculation.  *Alberti v. Klevenhagen*, 896 F.2d 927, 930

(5th Cir. 1990), *vacated in part*, 903 F.2d 352 (5th Cir. 1990).  "Hourly rates are to be computed

according to the prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236

F.3d 256, 281 (5th Cir. 2000).  The relevant legal market is the community where the district

court sits.  *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).  In this case, that

community is Northern Louisiana.  The reasonable hourly rate for a particular community can be

established through affidavits of other attorneys practicing in that community, or by reference to

rates awarded in prior cases.  *Entm't Software Ass'n v. Foti*, No. 06-431, 2007 U.S. Dist. LEXIS

46381, at *10 (W.D.La. Apr. 10, 2007).

In this case, defendant contests the proposed hourly rate of only one of plaintiff's three

attorneys: J. Arthur Smith, III.  Smith's requested hourly rate is $235.  In support of the

contention that the rate is reasonable, Smith submitted his own declaration, as well as

declarations from Allison A. Jones, Brian E. Crawford, and the plaintiff.  Smith submits that he

has 35 years of experience, has tried numerous cases in Louisiana, and has practiced labor and

employment law for more than 20 years.  He also declares that he determined the rate of $235

after reviewing the rate that comparable attorneys in northern Louisiana charge.  Similarly, Jones,

whose primary area of practice is employment litigation, also charges an hourly rate of $235 in

this district.  Jones submits that her hourly rate is reasonable and within the "range charged by

members of the Louisiana bar with comparable experience."  (Doc. #86-2).  Moreover, she

declared that she is "familiar with [Smith's] experience and work" and believes his rate is

reasonable.  *Id.*  Finally, Crawford also submits that an hourly rate of at least $225 is appropriate

given Smith's skill and ability.  (Doc. #86-3).

Defendant contends that the proposed rate is greater than the "customary fee in the area"

(Doc.94-3, p.2).  In support, defendant has submitted declarations of two local attorneys, who

state that their rates are considerably lower than $235 per hour.  (Doc. #94-5).  Neither

declaration is persuasive, however, as it is not clear that either attorney receives "the customary

fee for similar work in [this] community."  *See Johnson*, 488 F.2d at 718.  Indeed, one of the two

attorneys, Robert Baldwin, does not even practice in labor and employment law.  Moreover, an

award consisting of an hourly rate of $250 was recently approved in an employment case in

Northern Louisiana.  *See Abner v. Kansas City S. Ry. Co.*, No.03-0765, 2007 WL 1805782

(W.D.La. June 21, 2007).  Finally, even if this court were to find that $235 per hour exceeds the

customary fee, which it does not, that finding would not necessarily require the court to decrease

the rate.  *See Neely v. Grenada*, 624 F.2d 547, 529 (5th Cir. 1980) (explaining that the customary

fee is not an inflexible maximum).

In addition to the "customary fee" and "experience, reputation, and ability" factors, the

undersigned considers several other factors supporting the requested fee.  Plaintiff's counsel

asserts that it was necessary to forego other employment in the time leading up to the trial due to

the demands of the case.  Moreover, in his declaration, plaintiff submits that he is satisfied with

the quality of representation received in successfully securing the judgment against the

defendant.  (Doc. #86-1).

Having thoroughly considered the evidence submitted and the pertinent *Johnson* factors,

the undersigned concludes that Smith's requested hourly rate of $235 is reasonable.  The

undersigned has also reviewed the hourly rates of the plaintiff's other attorneys.  Those rates, to which the defendant does not object, are also deemed reasonable.  *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir.1995) (holding that when a requested hourly rate is not contested, "it is prima facie reasonable").

>        **B.        Number of Hours Reasonably Expended**

The second step in calculating the lodestar amount requires this court to determine the number of hours reasonably expended.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The party requesting fees has the burden of establishing this number.  *Id.* at 437.  The court may reduce the award if the documentation of hours is inadequate or if the hours are "excessive, redundant, or otherwise unnecessary."  *Id.* at 433-34.  A prevailing party may receive attorneys' fees for an unsuccessful claim as well, but only if that claim involves facts or related legal theories in common with the successful claims.  *Id.* at 434.

Plaintiff submits that its counsel reasonably expended 647.2 hours of work in litigating the case.  In support, plaintiff's counsel has submitted its itemized time reports.  The undersigned has reviewed the reports, along with the defendant's particularized objections thereto, in evaluating whether the number of hours expended was reasonable.  In conducting the review, the undersigned has also considered the averment of plaintiff's counsel that counsel "exercised 'billing judgment' by eliminating a number of detailed time entries."  (Doc. #86-1, p.7).  Review of the itemized reports verifies this exercise of billing judgment.

For reasons to follow, the undersigned finds that a total of 21.7 hours should be deducted from plaintiff's request; a total of 625.5 hours were reasonably expended.  The corresponding

decrease in fees is $3,593.55,[4] leading to a total recommended award of $96,459.34.  Plaintiff, having reviewed the defendant's objections (Doc. #94-2), consents to over 70% of this reduction. (Doc. #96-1).

Beyond the portion of the reduction to which plaintiff consents, defendant objects to several other entries in the itemized reports.  First, defendant objects to the entries that bill for work done in preparation of plaintiff's case against Local 2388.  Given the commonality of facts and legal theories in the claims against the two defendants, however, the undersigned does not find it appropriate to deduct all hours spent on work pertaining to the claim against Local 2388. *See Henley*, 461 U.S. at 434.  Instead, the time expended that benefitted both claims simultaneously should be reduced only to the extent appropriate for each task.  For this reason, the undersigned reduces the number of hours reasonably expended by 3.5 hours.[5]

Defendant also contends that the number of hours alleged is "excessive in light of the numerous hours spent on the litigation by an attorney . . . who has over thirty-five years of legal experience."  (Doc. #94-3, p.1).  The undersigned has reviewed counsel's billing entries, the pleadings filed in this matter, the declarations submitted, and the *Johnson* factors.  This review

---

[4]

| Reduction of Lodestar Amount | | |
|---|---|---|
| J. Arthur Smith, III | 10.64 hrs. at $235/hr. | $2,500.40 |
| Rebecca E. May-Ricks | 4.45 hrs. at $140/hr. | $623 |
| Nicole Dufrene Streva | .81 hrs. at $115/hr. | $93.15 |
| J. Arthur Smith, IV (paralegal) | 5.8 hrs. at $65/hr. | $377 |
| | | $3,593.55 |

[5] Plaintiff consented to the reduction of an additional 15.45 hours based on similar reasoning.  This reduction, totaling 18.95 hours is reflected in footnote four.

has revealed that the number of hours reportedly billed is minimally inflated.  Given counsel's

skill and experience, several tasks performed by plaintiff's counsel should have required less

time than alleged.  For example, the undersigned is unwilling to recommend an award of fees for

more than 40 hours spent on preparation of the jury instructions.  Additionally, the undersigned

will not recommend an award for the entire six hours allegedly spent preparing the complaint that

had been drafted by plaintiff's previous council.  Accordingly, it is recommended that the

proposed total be reduced by an additional 2.75 hours.[6]

Notwithstanding these reductions, the total number of hours reasonably expended does

not differ strikingly from that requested by the plaintiffs.  The undersigned finds that 625.5 hours

were reasonably expended by plaintiff's counsel.  Consequently, the lodestar amount is

$92,833.70, with an additional recommended award of costs equaling $3,625.64.

## II.     Reasonableness of the Lodestar Amount

The court now applies the remaining *Johnson* factors to determine if the lodestar amount

should be adjusted.  The court may not double count any *Johnson* factor that was taken into

account in calculating the lodestar amount.  *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir.

1993).  Seven of the *Johnson* factors are presumably fully reflected in the lodestar amount: (i) the

time and labor required; (ii) the novelty and difficulty of the questions; (iii) the preclusion of

other employment; (iv) special time limits imposed; (v) the results obtained; (vi) the experience,

reputation, and ability of counsel; and (vii) the quality of representation.  *Del. Valley Citizens'*

*Council for Clean Air*, 478 U.S. at 565; *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d

761, 771-72 (5th Cir. 1996); *Shipes*, 987 F.2d at 321-22.

The record in this case does not support an adjustment of the lodestar amount based on

---

[6] This reduction is reflected in footnote four.

the remaining *Johnson* factors.  For example, there is no evidence that the case was particularly

undesirable.  Nor does the nature of the professional relationship between plaintiff and counsel,

which is limited to the instant case, indicate that an adjustment should be made.  Finally, the fact

that the case was handled on a contingency fee basis does not persuade the undersigned that an

adjustment is appropriate.

Defendant argues one final basis for adjustment.  Defendant contends that the award

should be decreased because it would otherwise be "a tremendous blow to the City's operating

budget."  (Doc. #94-2, p.3).  Since the defendant cites no authority that suggests courts in this

circuit are to consider that factor, the undersigned will not adjust the lodestar amount on that

basis.  *See also Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982) (holding

that "the losing party's ability to pay" is "a consideration uniquely pertinent to the losing

*plaintiff*.") (emphasis added).

For the aforementioned reasons **IT IS RECOMMENDED** that plaintiff be awarded

$96,459.34 in attorneys' fees and costs.  Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court.  A party may

respond to another party's objections within **ten (10) business days** after being served with a

copy thereof.  A courtesy copy of any objection or response or request for extension of time shall

be furnished to the District Judge at the time of filing.  Timely objections will be considered by

the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** this 27th day of November, 2007, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE