IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **ALLEN D. JOHNSON** | \* | **CIVIL ACTION NO. 06-0635** |
| **VERSUS** | \* | **JUDGE JAMES** |
| **CITY OF MONROE, ET AL.** | \* | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is plaintiff Allen Johnson's unopposed motion to review the taxation of costs.[1] (Doc. #117). For the reasons stated below the motion is **GRANTED in part** and **DENIED in part**. The bill of costs is **ORDERED** to be **INCREASED** in the amount of **$198.13**.

### I. Background

Following a July 2007 jury trial, judgment in this case was entered for the plaintiff. (Doc. #81). The defendant, City of Monroe, filed a motion for a new trial which the court denied. (Doc. #113). No appeal was taken. On February 13, 2008, the Clerk's Office entered its taxation of costs. (Doc. #116).

In the instant motion, the plaintiff challenges the Clerk's Office's decision to disallow costs for three types of expenses. First, the plaintiff seeks costs for the court reporter transcripts for the following depositions:

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

| Michael Rhymes | $191.10 |
| --- | --- |
| Robert Jackson | $260.70 |
| Joan Benton, Annette Bradford, and Cecil Janway | $257.00 |
| John Smith, Jimmy Simmons | $331.15 |
| TOTAL | $1,039.95 |

Second, the plaintiff seeks costs to be allowed for the following witness fees:

| Robert Jackson | $42.25 |
| --- | --- |
| Curtis Stewart | $42.32 |
| Stanley Grayson | $46.07 |
| Kerry Amos | $42.49 |
| TOTAL | $173.13 |

Finally, the plaintiff seeks costs to be allowed for the following service fee:

| Robert Jackson | $25.00 |
| --- | --- |

## II. Legal Standard for Costs under FED. R. CIV. P. 54(d)(1)

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). The term "costs," as used in Rule 54(d), is defined in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45 (1987). Section 1920 provides:

>A judge or clerk of any court of the United States may tax as costs the following:
>
>(1) Fees of the clerk and marshal;
>
>(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

      (3) Fees and disbursements for printing and witnesses;

      (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

      (5) Docket fees under section 1923 of this title;

      (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

§ 1920.  "A district [court] may only tax costs enumerated in section 1920, although it may decline to award such costs."  *Gordon v. Cinergy Corp.*, 2007 U.S. Dist. LEXIS 9435, at *3 (S.D.Tex. Feb. 9, 2007) (citing *Crawford Fitting Co.*, 482 U.S. at 442-43).

### III.  Analysis

**1.     Costs for Deposition Transcripts**

"It is well established in [the Fifth Circuit] that "the cost of copies of deposition transcripts is taxable only if the copies were necessary for use in the case."  *J.T. Gibbons v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985), *modified on other grounds*, 790 F.2d 1193 (1985) (en banc), *aff'd*, 482 U.S. 437 (1987) (citing *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983)).

      The Clerk's Office allows costs only for "those depositions which are placed in evidence at trial in lieu of live testimony, those which are used for impeachment purposes, and those which are used in connection with a successful motion for summary judgment."  (Doc. #116).  This practice is consistent with the rule set forth in *Gibbons*.  *See Datapoint Corp. v. Picturetel Corp.*, 1998 U.S. Dist. LEXIS 10897, at *10 (N.D.Tex. July 10, 1998) ("The mere fact that [counsel] makes a few references to the transcripts of each witness when examin[ing] them at

trial does not establish that the deposition transcripts were necessary for . . . use in the case."). Since the plaintiff has failed to show that the deposition transcripts at issue meet the above requirements, he has not proved that they were necessary for use in this case. As a result, the court declines to increase payment of the plaintiff's bill of costs in this regard.

### 2.   Costs for Witness Fees

"Except as otherwise provided by law, a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1821(a)(1). "A witness shall be paid an attendance fee of $ 40 per day for each day's attendance." § 1821(b). In addition, witnesses may be paid for mileage and subsistence if appropriate. § 1821. These types of witness fees are compensable costs that may be taxed against the non-prevailing party. § 1920(3).

In the present case, the Clerk's Office declined to award witness fees for Robert Jackson, Curtis Stewart, Stanley Grayson, and Kerry Amos. The Clerk's Office's decision was based, however, on the mistaken conclusion that none of these four witnesses testified at trial. (Doc. #116). The plaintiff avers that each of the four witnesses did testify at trial. (Doc. #117-1); *see also* (Doc. #67 (listing each of the four persons on the final witness list)). Consequently, the court will increase the plaintiff's bill of costs by $173.13.

### 3.   Costs for Service Fees

While not expressly listed in § 1920, courts in this circuit have permitted the award of costs for service of summons. *See Md. Cas. Co. v. Lab Disc. Drug, Inc.*, 2007 U.S. Dist. LEXIS 11159, at *2 (S.D.Miss. Feb. 16, 2007) (overruling an objection to a claim for costs for service of summonses); *Gaddis v. United States*, 381 F.3d 444, 456 (5th Cir. 2004) ((en banc) ("[S]ection

1920(1)'s phrase '[f]ees of the clerk and marshal' has been interpreted . . . to include private process servers' fees as taxable costs.").

In this case, the Clerk's Office declined to award costs for the service fee for Robert Jackson as it concluded that Jackson did not testify at the trial. As stated above, this conclusion was erroneous. (*See* Doc. #67). As a result, the court will increase the plaintiff's bill of costs by $25.

For these reasons, the plaintiff's motion to review the taxation of costs (Doc. #117) is **GRANTED in part** and **DENIED in part**. The bill of costs is **ORDERED** to be **INCREASED** by **$198.13**.

**THUS DONE AND SIGNED** this 11th day of March, 2008, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE